## ADAM v. SAENGER et al.

### No. 2988.

Court of Civil Appeals of Texas. Beaumont.

Feb. 9, 1937.

Rehearing Denied Feb. 17, 1937.

of certain fixtures, goods, wares, and merchandise alleged to have been purchased by said Rodolfo Montes from said Beaumont Export & Import Company, and by it shipped and delivered to Montes at his place of business in the city of Mexico in Mexico. Said company filed an amended petition in said cause on July 18, 1929.

Montes, the defendant, filed his answer in said suit on August 22, 1929, and on October 19, 1929, filed an amended answer setting up a plea in abatement.

On September 15, 1930, the Beaumont Export & Import Company, by the voluntary action of its stockholders in accordance with the laws of Texas, dissolved said corporation and filed with the secretary of state a certificate of such action, and he gave a certificate of its dissolution. Notice or information of its dissolution was not given to the California court where the suit was pending, nor was any action taken looking to the dismissal of said suit, or to in any manner dispose of same, but same was left pending on the docket.

Some two years later, on November 7, 1932, by permission of the court, Montes filed in said cause a cross-complaint against the Beaumont Export & Import Company to recover of it for the value of certain goods and chattels (enumerating them) alleged to have been unlawfully converted by cross-defendant, of the alleged value of $5,000. Service on or notice to said Beaumont Export & Import Company of the filing of this cross-action by Montes against it was by leaving a notice at the office of Richard F. Bailey in Los Angeles, Cal., he being a lawyer and a member of the law firm that represented said Beaumont Export & Import Company in filing its suit against Montes. This notice to Bailey of the filing of the cross-action, was on November 11, 1932. Judgment by default in favor of Montes against the Beaumont Export & Import Company for $5,000 and costs of suit was rendered on May 24, 1933, and entered of record May 31, 1933. Notice of this judgment was given Bailey on September 6, 1933. On November 17, 1933, Bailey, purportedly acting for Beaumont Export & Import Company, filed motion to set aside the judgment against said company, contending that no notice of the filing of the cross-action was ever, in any manner, given him, and at the same time he filed answer to the cross-action. The motion to set aside the judgment upon hearing was overruled, and so the answer

Howth, Adams & Hart, of Beaumont, for appellant.

Geo. E. Holland and C. A. Lord, both of Beaumont, for appellees.

O'QUINN, Justice.

This is a suit by Estaban Adam against William Saenger et al., as officers, directors, and statutory trustees of the Beaumont Export & Import Company, a defunct Texas organization, to recover on a judgment obtained in one of the superior courts of the state of California, county of Los Angeles, by Rodolfo Montes, against the Beaumont Export & Import Company, a Texas corporation, on his cross-complaint, in the sum of $5,000 and costs of court; Adam being the owner of said judgment by purchase for a valuable consideration.

The facts leading up to said judgment in favor of Montes on his cross-action against said Beaumont Export & Import Company are: On May 31, 1929, the Beaumont Export & Import Company, a Texas corporation, as plaintiff, filed suit against Rodolfo Montes, defendant, in the superior court of Los Angeles county, Cal., said suit being numbered 279850, for the sum of $6,043.37, same being the purchase price

was not considered. No appeal or action of any kind was taken from these proceedings. Montes assigned the judgment to Consuelo H. De Montes on June 6, 1933, and she assigned the judgment to Estaban Adam, appellant, on September 20, 1933. On January 31, 1935, the suit by the Beaumont Export & Import Company against Rodolfo Montes, No. 279850, was dismissed for want of prosecution.

The instant suit was brought in the Sixtieth district court of Jefferson county, Tex., on May 27, 1935, against appellants to establish and recover on the above-mentioned judgment. We shall not undertake to state the substance of appellant's petition, but will say that his asserted right was fully and admirably pleaded, and his prayer ample. The defendants, William Saenger, P. P. Butler, H. A. Perlstein, and W. H. Garretson, answered individually and as trustees for the Beaumont Export & Import Company (the dissolved corporation, cross-defendant in the California suit) by pleas in abatement, general demurrer, special exceptions, general denial, and several special matters of defense not believed necessary to state. The other defendants answered adopting the pleadings of William Saenger et al., and by filing general demurrers and general denials. The general demurrers of all the defendants were sustained by the court, and plaintiff, appellant, refusing to amend, the suit was dismissed.

■ The judgment will have to be affirmed, because, in our opinion, the court rendering the judgment was without jurisdiction to render same for want of jurisdiction over the cross-defendant in the suit, and the judgment was, therefore, void. We think so, because:

(a) The cross-action sought a personal judgment against the cross-defendant. The cross-defendant was a nonresident, and in order for the court to have had jurisdiction over cross-defendant personal service upon it must have been had. The cross-action was not an ancillary proceeding, but an independent suit in which a final judgment could be rendered without awaiting a decision in the original suit. Farrar v. Steenbergh, 173 Cal. 94, 159 P. 707. It is well settled in this state that a cross-action occupies the attitude of an independent suit and requires service of the cross-action upon the cross-defendant. Harris v. Schlinke, 95 Tex. 88, 65 S.W. 172. This being so, in the absence of a waiver of

service, or an appearance by the cross-defendant, personal service on the cross-defendant must be had to confer jurisdiction upon the court to determine the matter and render judgment in the case. Appellant does not contend otherwise, but insists that it obtained such service under the California statutes regulating service on parties. He pleads the California statutes (Code Civ.Proc. § 442 and section 1015, as amended by St.1933, p. 1899), as follows:

"1015. Service where defendant resides out of State.

"When a plaintiff or a defendant, who has appeared, resides out of the State, and has no attorney in the action or proceeding, the service may be made on the clerk or on the justice where there is no clerk, for him. But in all cases where a party has an attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party, *except service of subpenas, of writs, and other process issued in the suit,* and of papers to bring him into contempt. If the sole attorney for a party is removed or suspended from practice, then the party has no attorney within the meaning of this section. If his sole attorney has no known office in this State, notices and papers may be served by leaving a copy thereof with the clerk of the court or with the justice where there is no clerk, unless such attorney shall have filed in the cause an address of a place at which notices and papers may be served on him, in which event they may be served at such place." (Italics ours.)

"§ 442. Cross-complaint.

"Whenever the defendant seeks affirmative relief against any party, relating to or dependent upon the contract, transaction, matter, happening or accident upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. *The cross-complaint must be served upon the parties affected thereby,* and such parties may demur or answer thereto as to the original complaint. *If any of the parties affected by the cross-complaint have not appeared in the action, a summons upon the cross-complaint must be issued and served upon them in the same manner as upon the commencement of an original action."* (Italics ours.)

It will be observed that section 1015, supra, plainly excepts from its provisions for service of notices and papers on parties to a suit, "subpœnas, * * * writs, and other process issued in the suit." These— *"subpœnas, * * * writs, and other process"*—must be served on the respective parties to be affected by the process—there must be personal service of all such. That citations to bring parties into court to litigate their respective rights are "writs" and "process" issued by the court will hardly be questioned. They are universally recognized as such by all jurisdictions. So, under this law, California requires personal service of such. There being no service of citation served upon Beaumont Export & Import Company to appear and answer appellant's cross-action wherein it sought affirmative relief against said company in the form of a personal judgment for debt, and said company not having appeared or answered before the rendition of the default judgment against it made the basis for recovery herein, the court was without jurisdiction to hear and determine the matter, and without jurisdiction to render the judgment, and so said judgment is without virtue and was void.

(b) Also, we think section 442, supra, relating to service in cross-actions, relied upon by appellant, fails to support his contention that "personal service" was had upon Beaumont Export & Import Company notifying it to answer his cross-complaint, and therefore the court had jurisdiction of the matter, and the default judgment was authorized and is enforceable. An inspection of said law discloses that it provides that "the cross-complaint must be served upon the parties affected," that "if any of the parties affected by the cross-complaint have not appeared in the action, a summons upon the cross-complaint must be issued and served upon them in the same manner as upon the commencement of an original action." What does the language "if any of the parties affected by the cross-complaint have not appeared in the action" mean? To what action does it refer? We take it that it can have but one reference, and that is to the cross action—the action asserted by the defendant against the plaintiff in such suit. It would be rather unusual to contend that a plaintiff can become a cross-complainant against the defendant that he has sued directly. Cross suits are brought by defendants against the plaintiffs suing them, and because the plaintiff has appeared and submitted himself to the jurisdiction of the court for the purpose of his suit, it could not be reasonably contended that he has appeared in all kinds of other claims that may be asserted against him by cross-actions therein. The statute certainly refers to and means the action asserted in the cross-complaint, and that if any party to be affected by the cross-action does not appear voluntarily in such suit, then a summons must be issued and served upon him "in the same manner as upon the commencement of an original action." It is without dispute that no service was had personally on appellee, nor that it voluntarily appeared before the default judgment was rendered. The recitation of the judgment shows it was by default. The contention is whether the notice of the filing of the cross-claim by appellant left at the office of Richard Bailey, a member of the law firm that represented the company in filing its suit against Montes some three years before, was valid service—personal service as required by both the laws set out supra. We think that both statutes, under the facts shown, required service of citation, or writ, be made upon the cross-defendant personally, not substituted service as is shown. Appellant's petition on its face showing an invalid judgment sought to be made the basis for recovery, the court did not err in sustaining the general demurrers leveled at it, nor in dismissing the suit.

 But, if we are in error in construing the California statutes above discussed, and it should be said that they do authorize service upon nonresidents in proceedings such as here by service on the lawyer or person representing the nonresident— that is by substituted service, then such statute is without force, because as said in Black on Judgments (2d Ed.), § 904, p. 1343, "No state can extend its jurisdiction over a person who is not a resident of such state and not within its limits at the time, and who does not appear or authorize an appearance, so as to render a judgment or decree which shall be binding upon him personally. For that purpose, constructive or substituted service is of no avail." The instant suit being one in personam and not in rem, and the judgment being one by default on substituted service on a nonresident defendant must be treated as a nullity in this state which is called upon to enforce it by action. Pennoyer v. Neff, 95 U.S. 714, 725, 727, 24 L.Ed. 565. In the cited case, it is said: "But where the entire object of the action is to determine

the personal rights and obligations of the defendants, that is, where the suit is merely in personam, constructive service in this form upon a nonresident is ineffectual for any purpose." It is well settled that a judgment rendered in one state against a resident of another state, who was not served with process and did not appear in the action, either personally or by authorized attorney, is not valid or binding out of the state where rendered, although the attempt to acquire jurisdiction may have been in a mode recognized as sufficient and valid by the laws of the state where the judgment was rendered; and such absence of jurisdiction will defeat an action on such judgment for its enforcement in any other state. Black on Judgments (2d Ed.), vol. 2, § 906, p. 1347 (and authorities cited). The principles of the law relating to the acquisition of jurisdiction by courts over nonresident defendants, apply equally to foreign corporations as to natural persons. A corporation is a resident of the state which creates it, and if sued in the courts of another state, jurisdiction over it can only be acquired in some mode equivalent of personal service of process on an individual.

Appellant's petition showing on its face that the judgment declared upon was not a valid enforceable judgment in this state, the court did not err in sustaining the general demurrer urged against it and in dismissing the suit. The judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.