## ADAM *v.* SAENGER ET AL.

No. 197.   Argued January 6, 1938.—Decided January 31, 1938.

60

*Mr. M. G. Adams* for petitioner.

*Mr. Oliver J. Todd* submitted on brief for respondents.

MR. JUSTICE STONE delivered the opinion of the Court.

The question for decision is whether the action, in this case, of the Texas state courts, in dismissing a suit founded upon a judgment of the superior court of California, denied to the judgment the faith and credit which the Constitution commands.

Petitioner, as assignee of a California judgment against the Beaumont Export & Import Company, a Texas corporation, brought the present suit in the Texas state district court against respondents, directors of the corporation acting as its trustees in dissolution, and against its stockholders as transferees of corporate assets, to collect the judgment. His petition sets out in detail the circumstances attending the rendition of the California judg-

ment and incorporates by reference a duly attested copy of the judgment roll.

It appears that the corporation brought suit in the Superior Court of California, a court of general jurisdiction, against Montes, petitioner's predecessor in interest, to recover a money judgment for goods sold and delivered. Thereupon Montes, following what is alleged to be the California practice, with leave of the court brought a cross-action against the corporation, by service of a cross-complaint upon the corporation's attorney of record in the pending suit, to recover for the conversion of chattels. Judgment in the cross-action, taken by default, was followed by dismissal of the corporation's suit and is the judgment which is the subject of the present suit. A motion to open the default and to be allowed to defend, made later on behalf of the corporation, was contested and was denied by the court, the issue being whether the cross-complaint was in fact served on the plaintiff's attorney.

The trial court sustained a general demurrer to the complaint and gave judgment dismissing the cause, which the Court of Appeals affirmed, 101 S. W. (2d) 1046. Petition to the Texas supreme court for a writ of error was denied for want of jurisdiction. We granted certiorari, cf. *Bain Peanut Co.* v. *Pinson*, 282 U. S. 499, the question being an important one of constitutional law. Our writ is properly directed to the Court of Civil Appeals, it being the highest court of the state in which a judgment could be had. *Bacon* v. *Texas*, 163 U. S. 207, 215; *Sullivan* v *Texas*, 207 U. S. 416; *San Antonio & A. P. Ry. Co.* v. *Wagner*, 241 U. S. 476; *American Railway Express Co.* v. *Levee*, 263 U. S. 19.

The Court of Civil Appeals rested its decision on a single ground, want of jurisdiction of the California court over the corporation in the cross-action in which the judgment was rendered. Construing the California statutes

and decisions which the complaint set out, it concluded that they did not authorize service of the complaint in the cross-action upon the plaintiff's attorney of record. It held further that in any case as the corporation was not present within the state no jurisdiction could be acquired over it by the substituted service, and the California judgment was consequently without due process and a nullity beyond the protection of the full faith and credit clause. To review these rulings we brought the case here. Cf. *Ward* v. *Love County,* 253 U. S. 17, 25; *Indiana ex rel. Anderson* v. *Brand, post,* p. 95.

By R. S. § 905, 28 U. S. C. 687, enacted under authority of the full faith and credit clause, Art. IV, § 1 of the Constitution, the duly attested record of the judgment of a state is entitled to such faith and credit in every court within the United States as it has by law or usage in the state from which it is taken. If it appears on its face to be a record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself. *Hanley* v. *Donoghue,* 116 U. S. 1; *Knowles* v. *Gaslight & Coke Co.,* 19 Wall. 58; *Settlemier* v. *Sullivan,* 97 U. S. 444. But in a suit upon the judgment of another state the jurisdiction of the court which rendered it is open to judicial inquiry, *Chicago Life Insurance Co.* v. *Cherry,* 244 U. S. 25, and when the matter of fact or law on which jurisdiction depends was not litigated in the original suit it is a matter to be adjudicated in the suit founded upon the judgment. *Thompson* v. *Whitman,* 18 Wall. 457. Here the fact of the service of the complaint upon the attorney is alleged by the petitioner and admitted by the demurrer, but the court's conclusion that the California court was without jurisdiction, resting in part upon its construction of the California statute, presents an issue not litigated in the California suit which must be determined in the present one.

Congress has not prescribed the manner in which the legal effect of the judgment and the proceedings on which it is founded in the state where rendered are to be ascertained by the courts of another state. It has left that to the applicable procedure of the courts in which they are drawn in question. Where they are in issue this Court, in the exercise of its appellate jurisdiction to review cases coming to it from state courts, takes judicial notice of the law of the several states to the same extent that such notice is taken by the court from which the appeal is taken. "Whatever is matter of law in the court appealed from is matter of law here, and whatever was matter of fact in the court appealed from is matter of fact here." *Hanley* v. *Donoghue, supra,* 6.

According to Texas law the legal effect of the judgment of another state, on which suit is brought, is to be determined by the court, not the jury. But a suitor who asserts that the force and effect of the judgment is different from that of a similar judgment of the courts of the state is required to allege specifically and prove as matter of fact the particular laws or usage on which he relies to establish the difference, and on demurrer only the law or usage specifically alleged will be considered in determining whether the law of another state differs from that of Texas. *Porcheler* v. *Bronson,* 50 Tex. 555; *Gill* v. *Everman,* 94 Tex. 209; 59 S. W. 531; *National Bank of Commerce* v. *Kenney,* 98 Tex. 293; 83 S. W. 368.

In the present suit petitioner, in conformity to the state procedure, has set out in his complaint the California statutes and the citations of the decisions of California courts which he contends establish the law of that state that a cross-action in a pending suit may be begun by service of a cross-complaint upon the plaintiff's attorney. The question thus raised upon demurrer for decision by the court is the legal effect in California of the service, and hence of the judgment founded upon it.

64

Whether the question be regarded as one of fact or more precisely and accurately as a question of law to be determined as are other·questions of law, although procedural exigencies require it to be presented by the pleading and proof, as are issues of fact, it is one arising under the Constitution and a statute of the United States which commands that such faith and credit shall be given by every court to the California proceedings "as they have by law or usage" of that state. And since the existence of the federal right turns on the meaning and effect of the California statute, the decision of the Texas court on that point, whether of law or of fact, is reviewable here. *Stanley* v. *Schwalby,* 162 U. S. 255, 274, 277–279; *Southern Pacific Co.* v. *Schuyler,* 227 U. S. 601, 611; *Creswill* v. *Knights of Pythias,* 225 U. S. 246, 261; *Ancient Egyptian Order* v. *Michaux,* 279 U. S. 737, 744–746; *Norris* v. *Alabama,* 294 U. S. 587, 590; see *Northern Pacific R. Co.* v. *North Dakota,* 236 U. S. 585, 593.; cf. *Union Pacific R. Co.* v. *Public Service Comm'n,* 248 U. S. 67, 69; *Ward* v. *Love County, supra,* 22; *Truax* v. *Corrigan,* 257 U. S. 312, 324; *Davis* v. *Wechsler,* 263 U. S. 22, 24; *Patterson* v. *Alabama,* 294 U. S..600, 602.

While this Court reëxamines such an issue with deference after its determination by a state court, it cannot, if the laws and Constitution of the United States are to be observed, accept as final the decision of the state tribunal as to matters alleged to give rise to the asserted federal right. This is especially the case where the decision is rested, not on local law or matters of fact of the usual type, which are peculiarly within the cognizance of the local courts, but upon the law of another state, as readily determined here as in a state court. *Huntington* v. *Attrill,* 146 U. S. 657, 684; *Yarborough* v. *Yarborough,* 168 S. C. 46; 166 S. E. 877; 290 U. S. 202.

In ruling that the service in the California suit was unauthorized, the Court of Civil Appeals said:

"The cross action was not an ancillary proceeding, but an independent suit in which a final judgment could be rendered without awaiting a decision in the original suit. Farrar *v.* Steensburg, 173 Cal. 94, 159 Pac. 707. It is well settled in this State that a cross action occupies the attitude of an independent suit and requires service of the cross action upon the cross defendant. Harris *v.* Schlinke, 95 Tex. 88. This being so, in the absence of a waiver of service, or an appearance by the cross defendant, personal service on the cross defendant must be had to confer jurisdiction upon the court to determine the matter and render judgment in the case."

But the question presented by the pleadings is the status of a cross-action under the California statutes, not under those of Texas. We think its status is adequately disclosed by the California statutes and decisions pleaded by petitioner, and is that for which he contends.

Section 442 of the California Code of Civil Procedure specifically provides that a defendant may secure affirmative relief upon "cross-complaint" which "must be served upon the parties affected thereby," and requires service of "summons upon the cross-complaint" only upon such parties as "have not appeared in the action." [1] Arguing that "action" means only "cross-action" and not the original action brought by the plaintiff, the Texas court con-

---

[1] "Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. The cross-complaint must be served upon the parties affected thereby, and such parties may demur or answer thereto as to the original complaint. If any of the parties affected by the cross-complaint have not appeared in the action, a summons upon the cross-complaint must be issued and served upon them in the same manner as upon the commencement of an original action."

cluded that a plaintiff who has not appeared in the cross-action must be served with summons "as upon the commencement of an original action." But the word "action," even if susceptible of such meaning, cannot be so interpreted in the face of the pleaded California decisions which hold that a cross-complaint may be served on the attorney of one who is already a party to the original action. *Farrar* v. *Steenbergh,* 173 Cal. 94; 159 P. 707; *Wood* v. *Johnston,* 8 Cal. App. 258; 96 P. 508; *Ritter* v. *Braash,* 11 Cal. App. 258; 104 P. 592.

Section 1015 provides that in all cases where a party, whether resident or non-resident, has an attorney in an action, "the service of papers, when required, must be upon the attorney instead of the party, except service of subpoenas, of writs and other process issued in the suit, and of papers to bring him into contempt." [2]  The Court of Civil Appeals construed this section as requiring "service of subpoenas, of writs, and other process issued in the suit" upon the party rather than the attorney, and as including the cross-complaint in the terms "writ" and "process." But assuming that a cross-complaint served without summons may be so characterized, it is clear that the section does not by its terms preclude valid service

---

[2] "When a plaintiff or a defendant, who has appeared, resides out of the State, and has no attorney in the action or proceeding, the service may be made on the clerk or on the justice where there is no clerk, for him. But in all cases where a party has an attorney in the action or proceeding, the service of papers, when required, must be upon the attorney instead of the party, except service of subpenas, of writs, and other process issued in the suit, and of papers to bring him into contempt. If the sole attorney for a party is removed or suspended from practice, then the party has no attorney within the meaning of this section. If his sole attorney has no known office in this State, notices and papers may be served by leaving a copy thereof with the clerk of the court or with the justice where there is no clerk, unless such attorney shall have filed in the cause an address of a place at which notices and papers may be served on him, in which event they may be served at such place."

of the cross-complaint upon the attorney for a party which, as we have seen, § 442 permits. Section 1015 directs service upon the attorney of all but the three types of papers excepted, but says nothing as to the effectiveness of service of those papers upon him. Section 1011, set out in the pleading though not referred to in the court's opinion, reads, "Notices and papers, when and how served. The Service may be personal, by delivery to the party or attorney on whom the service is required to be made. . . ."

The question whether § 1015 does forbid service of a cross-complaint on the attorney has been definitely answered in the negative by the Supreme Court of California, which, in *Farrar* v. *Steenbergh, supra,* 97, held, "Service of a cross-complaint upon a plantiff who appears by an attorney is not made by a summons to the plaintiff, but by delivery of a copy of the cross-complaint to the attorney." Upon this ground the California District Court of Appeals, in cases on which petitioner relies, has sustained judgments taken upon default in a cross-action begun by service of the cross-complaint on the plaintiff's attorney. *Ritter* v. *Braash, supra; Wood* v. *Johnston, supra.* Upon all the pleaded evidence of the California law, to the consideration of which we are restricted by the present state of the record, we think the only inference to be drawn is that the service in the California suit was authorized by California law.

There is nothing in the Fourteenth Amendment to prevent a state from adopting a procedure by which a judgment *in personam* may be rendered in a cross-action against a plaintiff in its courts, upon service of process or of appropriate pleading upon his attorney of record. The plaintiff having, by his voluntary act in demanding justice from the defendant, submitted himself to the jurisdiction of the court, there is nothing arbitrary or unreasonable in treating him as being there for all purposes

for which justice to the defendant requires his presence. It is the price which the state may exact as the condition of opening its courts to the plaintiff. *Frank L. Young Co.* v. *McNeal-Edwards Co.*, 283 U. S. 398, 400; cf. *Chicago & N. W. Ry. Co.* v. *Lindell*, 281 U. S. 14, 17.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

MR. JUSTICE CARDOZO took no part in the consideration or decision of this case.

MR. JUSTICE BLACK concurs in the result.