**Stanley M. BERTKE, Plaintiff,**

v.

**C. Aubrey CARTLEDGE and A-1 Electric Company, Defendants.**

**Civ. A. No. C84-388A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 21, 1984.

Robert J. Cropp, Atlanta, Ga., for plaintiff.

A. Paul Cadenhead, Henry Fellows, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This action is before the court on defendant's [1] motion to set aside judgment, plaintiff's motion to compel, and defendant's motion for a protective order. Because the court concludes that defendants' motion to set aside judgment should be granted and that this action should, therefore, be dismissed, the latter two motions are moot.

### I. FACTS.

On March 1, 1984, plaintiff registered in this court, pursuant to 28 U.S.C. § 1963,[2] a default judgment obtained against defendant in the United States District Court for the Eastern District of Kentucky. Defendant, who did not appear or otherwise defend himself in the Kentucky action, now seeks pursuant to Rule 60(b)(4) of the *Federal Rules of Civil Procedure*,[3] to set aside the judgment of the district court in Kentucky on the grounds that the judgment is void for lack of personal jurisdiction over defendant. Since plaintiff has not responded to defendant's motion it is deemed unopposed. Local Rule 91.2.

■ Where a defendant has made no appearance and a default judgment has been entered, the defendant may defeat subsequent enforcement in another forum by demonstrating that the judgment issued from a court lacking personal jurisdiction. *Hazen Research, Inc. vs. Omega Minerals, Inc.*, 497 F.2d 151 (5th Cir.1974); *Pardo vs. Wilson Line of Washington, Inc.*, 414 F.2d 1145 (D.C.Cir.1969). The burden of proving the voidness of the judgment rests heavily upon the party attacking it. *Williams vs. North Carolina*, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945). "If (the judgment) ... appears on its face to be a record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself." *Adam vs. Saenger*, 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649 (1938).

---

1. Although the caption lists two defendants, it appears from the pleadings that C. Aubrey Cartledge is doing business as A–1 Electric Company. The parties have discussed the issues as though there were an identity of interests between the two, and the court will do the same.

2. 28 U.S.C. § 1963 provides:
   A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

3. Rule 60(b) provides that:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ...
   (4) the judgment is void ....

In determining whether defendant has met this burden of showing the voidness of the judgment, the court looks first to the complaint filed in the Eastern District of Kentucky. . Plaintiff filed the complaint on October 17, 1983 against C. Aubrey Cartledge and Peter Stahlman.[4] The complaint states that both defendants are residents of Georgia. The complaint alleges that plaintiff needed local assistance in performing his obligations under a contract for services at the Northlake Mall in Atlanta. The complaint then states that plaintiff attempted to find local help by picking names of electrical contractors from the Atlanta telephone directory. After contacting a couple of other contractors and finding their terms disagreeable, plaintiff saw defendant Cartledge's advertisement. Plaintiff called defendant Cartledge on or about September 7, 1983 and asked for price quotations on certain materials. Plaintiff claims that the parties reached an agreement for certain materials and labor and that defendant breached this agreement by overcharging plaintiff. Plaintiff allegedly learned of the overcharges when plaintiff's Atlanta representative went to Stahlman's place of business to pick up some material and saw an invoice for plaintiff's materials which allegedly carried a twenty percent mark-up. Plaintiff complained, but the parties were unable to resolve the controversy, and plaintiff then filed his lawsuit in Kentucky.

Plaintiff's complaint shows on its face that defendant is a Georgia resident and that plaintiff initiated the contact with defendant by culling his name from an Atlanta telephone directory. The complaint shows that the parties reached their alleged contract over the telephone and that the entire subject matter of the contract was to be performed in Georgia. In support of his motion to set aside, defendant Cartledge has submitted an affidavit in which he has asserted the following facts: that his office is located in Atlanta, Georgia, and that all of his work is in the State of Georgia; that all of his suppliers and most of his customers are located in the Atlanta, Georgia metropolitan area; that he has never been to Kentucky, has never done any business in Kentucky, and has never initiated any contacts by telephone or mail with any person or firm in Kentucky. These factual assertions are unrebutted by plaintiff.

■ Plaintiff's complaint does not state a statutory basis for jurisdiction over defendant. Presumably, plaintiff relied upon Kentucky's Long Arm statute, Ky.Rev. Stat. § 454.210. This statute provides, in relevant part:

(2)(a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:

1. transacting any business in this commonwealth;

2. contracting to supply services or goods in this commonwealth;

3. causing tortious injury by an act or omission in this commonwealth;

4. causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this commonwealth, provided that the tortious injury occurring in this commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the commonwealth;

5. causing injury in this commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this commonwealth when the seller knew such person would use, consume, or be affected by, the goods in this commonwealth, if he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives sub-

---

**4.** Stahlman appeared and objected to the court's jurisdiction. Plaintiff voluntarily dismissed the suit against Stahlman after obtaining the default judgment against Cartledge.

stantial revenue from goods used or consumed or services rendered in this commonwealth ....

It is apparent that subsections 4 and 5 cannot be applicable in this case since defendant does not regularly do or solicit business or engage in any other persistent course of conduct or derive substantial revenue from goods used or consumed or services rendered in Kentucky. Subsection 3 is inapplicable because plaintiff did not allege a tortious injury by an act or omission in Kentucky. Subsection 2 is similarly inapplicable since plaintiff's complaint on its face shows that the parties contracted to supply goods outside of Kentucky. Therefore, the only possible subsection relevant to this case would be subsection 1. Although this court doubts that the course of conduct alleged in plaintiff's complaint would satisfy this subsection, it is unnecessary to reach that issue. Kentucky's Long Arm statute, like Georgia's, has been construed to be coextensive with the outer limits of due process. *Volvo of America Corporation vs. Wells*, 551 S.W.2d 826 (Ky.App.1977); *see Davis vs. Wilson*, 619 S.W.2d 709, 710 (Ky.App.1980). The court assumes for the moment that defendant's conduct would satisfy subsection 1 and turns straight to the question of whether the exercise of jurisdiction by the Kentucky court was violative of due process. In *International Shoe Co. vs. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court held that a state could not exercise personal jurisdiction over a non-resident defendant unless there existed sufficient minimum contacts between the defendant, the forum state, and the litigation such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Id.* 326 U.S. at 316, 66 S.Ct. at 158. Due process requires "that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its law." *Hanson vs. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958); *Burger King Corp. vs. MacShara*, 724 F.2d 1505 (11th Cir.1984). In *MacShara* the Eleventh Circuit stated:

Due process restrictions "are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective states." *Hanson vs. Denckla*, 357 U.S. at 251, 78 S.Ct. at 1238. Hence, the minimum contacts measure is not a question of "a little more or a little less. Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to" the laws of the forum state. *International Shoe*, 326 U.S. at 319, 66 S.Ct. at 160. A state cannot justifiably assert jurisdiction over an individual with whom it has no constitutionally cognizable contacts or ties. *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. [286] at 294, 100 S.Ct. [559] at 565–66 [62 L.Ed.2d 490].

The *Hanson* requirement of purposeful activity within the forum state reflects two contrasting considerations. Particularly in the commercial context, fairness dictates that a defendant who derives profits from deliberate contacts within the forum state should be responsible for the costs such activities incur. On the other hand, due process abhors the unfair surprise that results when a party is haled into court in a state with which he lacks deliberate connections. *Burger King Corp. vs. MacShara*, 724 F.2d at 1509.

Based on the record before it this court finds insufficient minimum contacts between defendant, the State of Kentucky, and this litigation to satisfy the due process clause of the Constitution. None of the acts defendant is alleged to have done exhibited a purposeful intrusion into the affairs of Kentucky. Defendant is a local businessman here in Georgia whose business is confined primarily to the metropolitan Atlanta area. Defendant has never been to Kentucky and has never done any business in Kentucky. Nor has defendant sought to obtain any benefits from the laws of the State of Kentucky. Plaintiff,

rather than defendant, initiated the contact in this case. Plaintiff did so, not by responding to any advertisement defendant published in Kentucky, but rather by culling defendant's name from an Atlanta telephone directory. The alleged contract was to be performed entirely in the State of Georgia. To require defendant, on these facts, to go to Kentucky to defend himself would be offensive to "traditional notions of fair play and substantial justice." The court finds, therefore, that the United States District Court for the Eastern District of Kentucky lacked personal jurisdiction over defendant and that its default judgment against defendant is void.

Since the judgment which plaintiff has registered in this court is void, and since the only purpose of the present action is to enforce that judgment, nothing remains for this court's adjudication. Plaintiff's motion to compel and defendant's motion for a protective order are moot. This action is hereby DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

