**DALTON TRAILER SERVICE, INC., Plaintiff–Appellee,**

**v.**

**Vernon ARDIS and Ethel T. Ardis, Defendants–Appellants.**

Court of Appeals of Tennessee, Eastern Section.

May 3, 1990.

Permission to Appeal Denied by Supreme Court July 2, 1990.

Harry Berke, Berke, Berke & Berke, Chattanooga, for defendants-appellants.

Arthur C. Grisham, Jr., Grisham & Knight, and H. Mark Kinsman, Baker, Kinsman & Hollis, P.C., Chattanooga, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

Defendant, Vernon Ardis, personally guaranteed payment of a $3,132.02 repair bill incurred by A & K Trucking Company, (A & K), a Georgia corporation, with Dalton Trailer Sales, Inc., (Dalton), another Georgia corporation. From a judgment in that amount in favor of Dalton the Ardises appeal, insisting the trial court erred in refusing to allow A & K to intervene in the action and assert a tort claim against Dalton.

The gravamen of the counter-claim is the trailer had been repaired by plaintiff when it was previously owned by a J. Hugh Bartley and that as a result of those negligent repairs A & K sustained damages.

The principal and determinative issue on appeal is whether Dalton's contractual action against a Tennessee resident in a Tennessee court will establish jurisdiction as to Dalton for a tort action by A & K.

By statute, Tennessee courts are accorded personal jurisdiction over non-resident defendants to the full limit allowed by due process. Tenn.Code Annot. § 20–2–214(a)(6); *Masada Investment Corp. v. Allen,* 697 S.W.2d 332 (Tenn.1985). Due process requires fairness to the non-resident defendant and its touchstone is the defendant must have minimum contacts with the forum state such that the defendant may reasonably anticipate being haled into the forum's courts. *See Masada,* citing *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *World-wide Volkswagen Corp.*

*v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). If the non-resident defendant is a commercial actor, absence of physical contact with the forum is irrelevant so long as it purposefully directs its efforts toward residents of the forum and litigation results from injuries that are related to those efforts. *Masada* at 336.

Under the concept of specific jurisdiction, a non-resident defendant may be subject to personal jurisdiction on some but not all claims against it, *e.g.*, a non-resident corporate defendant may consent to personal jurisdiction by initiating a suit against a citizen of the forum state. *See Rice v. Sharpleigh Hardware Co.*, 85 F. 559 (W.D.Tenn.1898) where personal jurisdiction was established for a counter-claim brought by a Tennessee business sued by a non-resident corporation for a debt. The *Rice* court observed:

> The voluntary coming of the nonresident debtor within the dominion of Tennessee, and into its court of competent jurisdiction, to enforce his own claim against a citizen of Tennessee, was a voluntary submission by him to the general jurisdiction of the state of Tennessee to compel him to answer whatever claims the debtor he had sued in Tennessee might have against him by way of set-off and recoupment.... 85 F. at 569.

*Accord: Adam v. Saenger*, 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649 (1938).

On the rationale of *Rice* and *Adam*, the Tennessee court had jurisdiction over Dalton for any counter-claim the Ardises could assert to the contract action, which is conceded by the plaintiff. The issue thus becomes whether Dalton has sufficient minimum contacts with Tennessee such that it might reasonably expect to be sued in this forum on other disputes. Dalton's sole contact with Tennessee is the instant action to collect a debt against Tennessee residents. It is a Georgia corporation, doing business in Georgia and, according to the record, without contacts with Tennessee sufficient to permit the maintenance of the action by A & K in this forum. It is neither unfair nor duplicative to require A & K, a Georgia corporation, to sue

in Georgia courts. The trial judge found all alleged damages for negligent repair were sustained by A & K and not by the Ardises as individuals but the contract to pay the indebtedness was the obligation of the Ardises as individuals. Moreover, the Ardises could not sue on behalf of A & K, a corporation. Even sole stockholders may not bring suit in their own names to right a wrong done to the corporation. *See Hadden v. City of Gatlinburg*, 746 S.W.2d 687 (Tenn.1988).

We affirm the judgment of the trial court and costs incident to the appeal are assessed to appellants.

SANDERS, P.J., and ANDERSON, J., concur.