BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND; Board of Trustees, National Training Fund For the Sheet Metal and Air Conditioning Industry; Board of Trustees, National Energy Management Institute Committee; Board of Trustees, Sheet Metal Occupational Health Institute Trust Fund; and Board of Trustees, Sheet Metal Workers' International Association Scholarship Fund, Plaintiffs,

v.

ELITE ERECTORS, INC., Skylight Consultants of America, Inc., and Mary Lowry, Defendants.

No. IP–98–298–CH/G.

United States District Court, S.D. Indiana, Indianapolis Division.

Feb. 9, 1999.

---

854

Brian D. Black, Office of General Counsel Sheet Metal Workers' National Pension, Alexandria, VA.

Christopher A. Poling, Kunz & Opperman, Indianapolis, IN.

Bret S. Clement, Buschmann Carr & Shanks, Indianapolis, IN.

## ENTRY ON DEFENDANTS' MOTION TO SET ASIDE JUDGMENT

HAMILTON, District Judge.

This case presents a practical problem in collecting debts under the Employee Retirement Income Security Act of 1974 (ERISA). When an employer owes money to a multi-employer benefit plan but is essentially judgment-proof, the trustees of the plan may try to collect the debt from the employer's officers or affiliated companies by piercing the corporate veil. The problem presented here is whether and how the trustees in such a case may take advantage of ERISA's provision for nationwide service of process, 29 U.S.C. § 1132(e)(2), to force the additional defendants to defend themselves in a distant forum.

Plaintiffs in this case are the trustees of a national pension fund and several related employee benefit funds for the benefit of sheet metal workers. Defendant Elite Erectors, Inc. was an employer that was delinquent in making contributions to those plans. Elite Erectors was owned and managed by one Frank Lowry. Defendant Skylight Consultants of America, Inc. is another corporation owned and operated by Frank Lowry. Defendant Mary Lowry is Frank Lowry's wife and was an officer of the delinquent employer. Plaintiffs obtained a default judgment against all three defendants in the United States District Court for the Eastern District of Virginia, where plaintiffs are based. The delinquent employer Elite Erectors has no assets. Plaintiffs now seek to enforce the judgment in Indiana against Skylight Consultants and Mary Lowry. Both have assets in Indiana.

Pursuant to Fed.R.Civ.P. 60(b)(4), these two defendants have moved to set aside the judgment against them on the ground that the Eastern District of Virginia lacked personal jurisdiction over them. Plaintiffs contend that these defendants were subject to jurisdiction in the Eastern District of Virginia because they were alter egos of the delinquent employer. As explained below, the court concludes that these defendants are entitled to litigate the alter ego issue in this court because the issue was essential to the exercise of jurisdiction over them in the Eastern District of Virginia. The court also concludes that these defendants were not alter egos of Elite Erectors, Inc. and that there was no other basis for the Eastern District of Virginia to exercise jurisdiction over these defendants. The court therefore grants the motion to set aside the judgment against defendants Skylight Consultants of America, Inc. and Mary Lowry, and denies plaintiffs' request to enforce the judgment to the extent they seek enforcement against those two defendants.

### Factual Background

On June 26, 1996, plaintiffs filed their original complaint in the Eastern District of Virginia against only one defendant, Elite Erectors, Inc. Plaintiffs sought a money judgment under ERISA, 29 U.S.C. §§ 1132 & 1145, for delinquent contributions to retirement and employee benefit plans. Elite Erectors failed to respond. The clerk of the Eastern District of Virginia entered default against Elite Erectors on December 3, 1996.

On April 8, 1997, however, before judgment was entered, plaintiffs filed an amended complaint that added Skylight Consultants of America, Inc. and Mary Lowry as defendants. The amended complaint sought a money judgment for delinquent contributions, plus interest, liquidated damages, costs, and attorneys' fees. Plaintiffs relied on ERISA's provision for nationwide service of process. See 29 U.S.C. § 1132(e)(2). None of the three defendants appeared or responded. On November 17, 1997, the Eastern District of Virginia entered a default judgment against all three defendants in the amount of $21,695.25. Based on plaintiffs' unopposed evidence, the Eastern District of Virginia entered findings that Skylight Consultants and Mary Lowry were both alter egos of Elite Erectors and were jointly and severally liable to the plaintiffs for Elite Erectors' obligations.

On February 20, 1998, plaintiffs registered the judgment in this court pursuant to 28 U.S.C. § 1963 as a means of executing on the judgment. Elite Erectors has not responded in this court. Defendants Skylight Consultants and Mary Lowry have opposed plaintiffs' efforts to execute on the judgment. Invoking Fed.R.Civ.P. 60(b)(4), Skylight Consultants and Lowry have moved to set aside the judgment against them as void for lack of personal jurisdiction. Skylight Consultants is an Indiana corporation and Lowry is an Indiana resident. Skylight Consultants has not done business in Virginia. Lowry has not done business in Virginia; she has visited the state only on a personal vacation.

This court has frozen bank accounts belonging to Skylight Consultants and Lowry pending resolution of this dispute. On August 31, 1998, the court held an evidentiary hearing and heard oral argument on the pending matters that are now ready for decision.

### Discussion

There is no doubt that Elite Erectors was an employer for purposes of ERISA, nor is there any doubt about personal jurisdiction over Elite Erectors in the Eastern District of Virginia. Those conclusions do not give plaintiffs any practical help, however, because Elite Erectors ceased operations in February 1996. It is apparently defunct and has no available assets. A claim against Frank Lowry also appears to be pointless.

The issue here is whether the Eastern District of Virginia had personal jurisdiction over Skylight Consultants and Mary Lowry, so that the default judgment against them may be enforced in this district. Plaintiffs do not argue that Skylight Consultants or Mary Lowry had contacts with the state of Virginia sufficient to subject them to the jurisdiction of Virginia's state courts consistent with the Due Process Clause of the Fourteenth Amendment. Instead, plaintiffs contend that the Eastern District of Virginia had jurisdiction over Skylight Consultants and Mary Lowry under the nationwide service of process provision in ERISA, 29 U.S.C. § 1132(e)(2).

The parties have framed the issue in almost metaphysical terms concerning whether an effort to pierce a corporate veil to enforce an obligation under ERISA arises under federal law or state law. The answer to that question affects whether the Due Process Clauses of the Fourteenth and Fifth Amendments require that personal jurisdiction be supported by contacts with the forum state, Virginia, or the forum nation, the United States.

This court does not need to decide whether a claim to pierce the corporate veil arises under federal or state law. As explained below, if Skylight Consultants and/or Mary Lowry were alter egos of Elite Erectors, then the Eastern District of Virginia had personal jurisdiction over them. If they were not alter egos of Elite Erectors, then the Eastern District of Virginia did not have personal jurisdiction over them and the judgment cannot be enforced against them.

The procedures plaintiffs used in this case must be understood against the backdrop of *Peacock v. Thomas,* 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996). In *Peacock,* the Supreme Court held that a district court, after having entered judgment against only an employer under ERISA, could not exercise subject matter jurisdiction under ERISA or ancillary jurisdiction in a later action seeking to hold an officer and shareholder of the defendant liable for the original judgment on a claim for "Piercing the Corporate Veil Under ERISA and Applicable Federal Law."

The plaintiff in *Peacock* was a former employee and beneficiary of a retirement plan operated by a company called Tru–Tech, Inc. The plaintiff had sued Tru–Tech and *Peacock,* who was an officer and shareholder of Tru–Tech. The district court held that Tru–Tech had breached its fiduciary duties under the plan but that *Peacock* was not a fiduciary, so the court entered judgment against only Tru–Tech.

After the judgment was affirmed on appeal, the plaintiff in *Peacock* was unable to collect the judgment from the company. The plaintiff then sued *Peacock* in district court in a new action alleging that *Peacock* had entered into a civil conspiracy to strip the company of assets to prevent satisfaction of the judgment and had fraudulently conveyed the company's property to others, including himself. The plaintiff later added a claim described as "Piercing the Corporate Veil Under ERISA and Applicable Federal Law." The district and circuit courts held in the plaintiff's favor against *Peacock.*

The Supreme Court reversed and held that the district court lacked subject matter jurisdiction over the second action against *Peacock.* 516 U.S. at 352, 116 S.Ct. 862. First, the Court concluded that the plaintiff's claim for piercing the corporate veil did not arise under ERISA: "We are not aware of, and [plaintiff] Thomas does not point to, any provision of ERISA that provides for imposing liability for an extant ERISA judgment against a third party." *Id.* at 353, 116 S.Ct. 862. The court continued:

> Moreover, Thomas' veil-piercing claim does not state a cause of action under ERISA and cannot independently support federal jurisdiction. Even if ERISA permits a plaintiff to pierce the corporate veil to reach a defendant not otherwise subject to suit under ERISA, Thomas could invoke the jurisdiction of the federal courts only by independently alleging a violation of an ERISA provision or term of the plan. Piercing the corporate veil is not itself an independent ERISA cause of action, but rather is a means of imposing liability on an underlying cause of action. 1 C. Keating & G. O'Gradney, Fletcher Cyclopedia of Law of Private Corporations § 41, p. 603 (perm. ed. 1990). Because Thomas alleged no underlying violation of any provision of ERISA or an ERISA plan, neither ERISA's jurisdictional provision, 29 U.S.C. § 1132(e)(1), nor 28 U.S.C. § 1331 supplied the District Court with subject-matter jurisdiction over this suit.

*Id.* at 353–54, 116 S.Ct. 862 (footnote omitted). The Court then went on to reject the plaintiff's theories of ancillary jurisdiction. *Id.* at 354–59, 116 S.Ct. 862.

*Peacock* did not squarely decide whether ERISA itself permits a plaintiff to pierce the corporate veil, but held that in the second action, filed after judgment in the first action, the plaintiff could establish federal jurisdiction only by alleging a violation of an ERISA provision or a term of an ERISA-governed plan. 516 U.S. at 354, 116 S.Ct. 862. Plaintiffs in this case have taken care to avoid the explicit holdings of *Peacock* on the question of subject matter jurisdiction. First, they added Skylight Consultants and Lowry to the Virginia case before a final judgment was entered, thus enabling them to take advantage of the court's supplemental jurisdiction. Second, plaintiffs also took pains to include allegations to the effect that Skylight Consultants is an employer within the meaning of ERISA. These differences

avoided the subject matter jurisdiction problem in *Peacock* but, as explained below, do not enable plaintiffs to establish personal jurisdiction over Mary Lowry and Skylight Consultants in the Eastern District of Virginia.

## I. Defendants' Ability to Litigate Jurisdictional Issues

The court must first address plaintiffs' argument that the Eastern District of Virginia has already found that these defendants acted as alter egos of Elite Erectors, that acting as an alter ego of a defendant is sufficient to establish personal jurisdiction, and that these defendants cannot collaterally attack that aspect of the Eastern District of Virginia judgment. The court disagrees with the last step of the argument. These defendants are entitled to challenge any factual or legal determination that was essential to the Eastern District of Virginia's exercise of jurisdiction over them.

■ When a defendant is sued in a distant court and believes the court lacks personal jurisdiction, she has several options. First, she may voluntarily waive the issue of personal jurisdiction and submit to the court's jurisdiction. Second, she may appear in the court to assert lack of personal jurisdiction. If she takes this approach and loses, the court's decision on the jurisdictional issue will be res judicata in future proceedings to enforce an adverse judgment. See *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Third, she may ignore the complaint and summons. When the plaintiff later seeks to enforce a default judgment, she may challenge the issuing court's jurisdiction and litigate those issues in the proceeding to enforce the judgment. *Covington Industries, Inc. v. Resintex A.G.*, 629 F.2d 730, 732–34 (2d Cir.1980) (defendant could use Rule 60(b)(4) to attack foreign default judgment as void for lack of personal jurisdiction); see generally *Adam v. Saenger*, 303 U.S.

59, 62, 58 S.Ct. 454, 82 L.Ed. 649 (1938) (if matters of fact or law upon which jurisdiction depends were not litigated in the issuing court, such matters may be litigated in action to enforce judgment); *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 525–26, 51 S.Ct. 517, 75 L.Ed. 1244 (1931) (after defendant specially appeared in distant court to challenge jurisdiction but lost on that issue, defendant could not relitigate issue in action to enforce judgment).

■ Defendants Skylight Consultants and Mary Lowry have taken this third course. They did not appear in the Eastern District of Virginia. The *ex parte* findings of the Eastern District of Virginia concerning that court's jurisdiction therefore are not binding on this court. Because these defendants did not appear and challenge jurisdiction in the Eastern District of Virginia, they are entitled to one fair opportunity to litigate, in this court and in this proceeding, those factual and legal foundations for the issuing court's jurisdiction, including whether they were alter egos of Elite Erectors. See *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 405 (7th Cir.1986) (allowing challenge under Rule 60(b)(4) to district court's ruling on alter ego issue to support jurisdiction and service of process, but affirming denial of motion on the merits of the alter ego issue); *Gould Entertainment Corp. v. Bodo*, 107 F.R.D. 308, 311–12 (S.D.N.Y. 1985) (same).

## II. Jurisdiction in the Eastern District of Virginia

Neither Skylight Consultants nor Mary Lowry has transacted any business in Virginia or has otherwise established such contacts with that jurisdiction that would allow the state courts in Virginia to exercise personal jurisdiction over them. Plaintiffs rely upon ERISA's nationwide service of process provision, 29 U.S.C. § 1132(e)(2), and offer two distinct grounds for jurisdiction in the Eastern District of Virginia.

## A. Skylight Consultants as an "Employer" under ERISA

■ First, in the Eastern District of Virginia, plaintiffs alleged that Skylight Consultants is an "employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in commerce, in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12)." Amended Cplt. ¶ 9.

ERISA defines "employer" as: "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5). Plaintiffs state: "Skylight specifically was party to a collective bargaining agreement and was sued as an employer under ERISA as well as the alter ego of Elite.... Certainly both Elite and Skylight are employers under this provision, and are thus amenable to federal jurisdiction as discussed above." Pl. Br. at 7–8.

Plaintiffs' theory that Skylight acted "indirectly in the interest of an employer, in relation to an employee benefit plan," see 29 U.S.C. § 1002(5), cannot support ERISA jurisdiction over Skylight. In the absence of a separate, successful corporate veil-piercing argument, the Seventh Circuit has consistently held that 29 U.S.C. § 1002(5) does not provide independent grounds for holding affiliated persons or entities liable for an employer's contractual obligations to contribute to ERISA benefit plans. See *Plumbers' Pension Fund, Local 130 v. Niedrich*, 891 F.2d 1297, 1302 (7th Cir.1989) ("Corporate officers who are not parties to a pension plan or a collective bargaining agreement requiring contributions to a pension plan are personally liable for pension contributions only to the extent they are liable for general corporate debts under state corporate law."); *Levit v. Ingersoll Rand Financial Corp.*, 874 F.2d 1186, 1192–94 (7th Cir.1989) (holding that pension and welfare trusts may recover from corporate insiders only to the extent that state law permits recovery under rules for disregarding the corporate form, or the insiders make contractual commitments enforceable under ERISA). In light of these decisions interpreting § 1002(5), plaintiffs cannot subject Skylight Consultants to ERISA's nationwide service of process by merely alleging that it was an "employer" for purposes of ERISA. Skylight Consultants is entitled to litigate in this court its status as an employer under ERISA. Under controlling decisions of the Seventh Circuit, the court cannot treat Skylight Consultants as an "employer" on the theory that it indirectly acted in the interest of Elite Erectors. Plaintiffs must rely instead on the alter ego theory addressed below.

## B. The Alter Ego Issue

Plaintiffs' second theory to support personal jurisdiction in Virginia is that both Skylight Consultants and Mary Lowry were alter egos of Elite Erectors. In the Eastern District of Virginia, plaintiffs alleged on information and belief that Skylight Consultants employed essentially the same employees covered by the collective bargaining agreement as Elite Erectors had, and that the two companies had common ownership and management, as well as interrelated operations with centralized control of labor relations. Amended Cplt. ¶¶ 20–22. Plaintiffs concluded that Elite Erectors and Skylight Consultants should be treated as a single employer such that Skylight Consultants should be held jointly and severally liable for Elite Erectors' obligations under ERISA, *id.* at ¶ 24, and that Skylight Consultants is an alter ego of Elite Erectors, *id.* at ¶ 32.

Plaintiffs also alleged that Mary Lowry "is an individual, and, upon information and belief, is an officer and owner of Elite and an officer and owner of Skylight." Amended Cplt. ¶ 10. Plaintiffs alleged that Lowry is Elite Erectors' alter ego such that she should also be held jointly

and severally liable for its obligations under ERISA. *Id.* at ¶ 36.

The district judge in the Eastern District of Virginia incorporated into the judgment the following language from the recommendation of the magistrate judge:

Defendant Mary Lowry is an individual, and is an officer and owner of defendants Elite and Skylight. After the corporate status of Elite and Skylight had been revoked and/or dissolved, defendant Lowry disregarded corporate formalities and transacted business in the names of Elite and Skylight.... As a result, at all times relevant, defendant Lowry has been the alter ego of Elite and Skylight, and Lowry is therefore jointly and severally liable with Elite and Skylight for all of Elite's and Skylight's debts and obligations to the plaintiffs.

Judgment & Order, dated Nov. 17, 1997, incorporating Magistrate's Report and Recommendation. These findings appear to have been based on the uncontradicted allegations of plaintiffs that had been based on information and belief.

█ In deciding whether to disregard the corporate form in an action to recover unpaid employer contributions to employee benefit plans, the court should consider: (1) the amount of respect given to the separate identity of the corporation by its shareholders; (2) whether the shareholders or incorporators acted with fraudulent intent; and (3) the degree of injustice visited on the litigants by respecting the corporate entity. See *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.,* 85 F.3d 1282, 1287 (7th Cir.1996).

█ The evidence before this court does not support the conclusion that Mary Lowry or Skylight Consultants was an alter ego of Elite Erectors. Defendant Mary Lowry submitted an affidavit to this court on June 17, 1998, that states in pertinent part:

I worked for Elite Erectors, Inc. ("Elite") for a period of about six months around 1980. I have not worked for Elite since that time. I did not receive any compensation or other renumeration [sic] for the performance of services from any source at the time that the Board's claim arose or at any other time since then, ...

\*  \*  \*  \*  \*  \*

I was not a shareholder of Elite. Although I believe that Elite may have reported that I was the Secretary of Elite in its filings with the Indiana Secretary of State's office, I do not recall being elected to that office or performing any duties in that capacity. I made no decisions on behalf of Elite and was not involved in the day to day operations of Elite at any time other than [a period of about six months around 1980].

\*  \*  \*  \*  \*  \*

I am not and have never been a shareholder of Skylight. I am not and never have been employed by Skylight or been otherwise involved in its day to day operations. Although I am an officer of Skylight, my status as an officer was solely to facilitate Skylight's ability to obtain credit due to the personal bankruptcy of Frank Lowry. I have never received any compensation or other renumeration [sic] as an officer or employee of Skylight.

I have never transacted in business in the State of Virginia in my individual capacity, or in any capacity whatsoever on behalf of Elite or Skylight. The only reason I have ever been physically present in the State of Virginia is on a personal vacation.

Mary Lowry Aff. ¶¶ 2–3, 5–6. This evidence is uncontradicted.

At the hearing on defendants' motion, Mary Lowry testified that her husband Frank Lowry had run both Elite Erectors and Skylight Consultants, and that although she was listed on corporate papers as an officer of both corporations, she had

not taken an active role in managing either business. She also testified about differences between the businesses of Elite Erectors and Skylight Consultants. The court credits Mrs. Lowry's unopposed testimony on these points. Elite Erectors had a range of roughly 15 to 20 employees and worked on substantially larger projects, principally installing skylights in commercial construction. See also Frank Lowry Aff. ¶ 4. Skylight Consultants has a handful of employees and installs glass curtain wall (exterior walls) on commercial construction projects. *Id.* at ¶ 6. Frank Lowry activated Skylight Consultants as a corporation after Elite Erectors ran into serious financial trouble.

Plaintiffs have relied heavily on the fact that, for a period of time after Elite Erectors went out of business, Skylight Consultants employed a few of the same employees, apparently for work on a project that also involved skylight installation work of the type that had been Elite Erectors' primary business. Frank Lowry has explained those circumstances in his supplemental affidavit as an attempt to generate some temporary income for himself and to provide some temporary employment for a few of Elite Erectors' former employees. That explanation also has not been contradicted and is credible.

To return to the factors identified in *Central States,* see 85 F.3d at 1287, the court assumes for present purposes that Frank Lowry disregarded corporate forms when doing business through Elite Erectors. Frank Lowry's disregard may not be attributed to Mary Lowry, however, or to the legally distinct Skylight Consultants. More important, the court does not find any evidence of fraudulent intent on the part of Mary Lowry or Skylight Consultants. Proof of fraudulent intent is essential to plaintiffs' effort to treat these defendants as alter egos of Elite Erectors. See *Central States,* 85 F.3d at 1288. The court also sees no great injustice being visited upon plaintiffs by denying collection from Mary Lowry and Skylight Consul-

tants. Plaintiffs know they are dealing with employers that may or may not succeed in business. Plaintiffs also know how to bargain for express guarantees or additional assurances of credit if they feel they need them.

The court is satisfied that Elite Erectors and Skylight Consultants were legally distinct entities, and that Skylight Consultants should not be treated as an alter ego. Common ownership and management are not sufficient in themselves to disregard the differences between two legally distinct businesses. Although the two entities conducted similar businesses, Mary Lowry's testimony and Frank Lowry's affidavits show that the two were distinct in terms of the customers they served and the services they provided. Similarly, the fact that Mary Lowry was the secretary of Elite Erectors is not sufficient to pierce the corporate veil and to hold her personally responsible for Elite Erectors' debts in transactions in which she did not participate. There is no evidence that Mary Lowry ever guaranteed the debts of Elite Erectors.

Plaintiffs argue that Mary Lowry should be treated as the alter ego of Skylight Consultants because Skylight Consultants had been administratively dissolved at the time it signed the collective bargaining agreement. Pl. Br. at 7–8. Be that as it may. Plaintiffs have not sued Skylight Consultants for its own debts but for Elite Erectors' debts. Because Skylight Consultants was not an alter ego of Elite Erectors, the administrative dissolution of Skylight Consultants does not alter the equation here. Defendants Skylight Consultants and Mary Lowry have met their burden of showing that they were not alter egos of Elite Erectors. See generally *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d at 401, 405 (in post-judgment challenge to jurisdiction under Rule 60(b)(4), burden of proof is on defendant who has received notice of an action to show that issuing court did not have jurisdiction).

### Conclusion

The Eastern District of Virginia did not have personal jurisdiction over defendants Skylight Consultants of America, Inc. and Mary Lowry when it entered a default judgment against them on November 17, 1997. Defendants' Rule 60(b)(4) motion is GRANTED, and the judgment of the Eastern District of Virginia is void as against defendants Skylight Consultants of America, Inc. and Mary Lowry. The court will issue a separate order releasing their assets that have been frozen pending resolution of this issue.