[No. D039814. Fourth Dist., Div. One. Feb. 26, 2003.]

NOBEL FARMS, INC., et al., Plaintiffs and Appellants, v.
MANUEL F. PASERO et al., Defendants and Respondents.

COUNSEL

Melchor E. Quevedo for Plaintiffs and Appellants.

White & Case, Dan Woods, Mark E. Gustafson and Judith B. Oakes for Defendants and Respondents.

OPINION

McINTYRE, J.—In this case we conclude that a nonresident defendant consented to personal jurisdiction in California by previously filing another action here arising from the same transaction.

Robert J. Nobel, Nobel Farms, Inc. (Nobel Inc.), and Flora Noria de Angeles, S. de RL de CV. (Flora; collectively plaintiffs) appeal an order granting the separate motions of Manuel F. Pasero and Galaz, Gomez Morfin, Chavero, Yamazaki, S. C. (the Galaz firm) to quash service of summons based on lack of personal jurisdiction. We affirm as to the Galaz firm and reverse as to Pasero, concluding that he submitted to jurisdiction by his earlier related action filed against plaintiffs in California.

### FACTUAL AND PROCEDURAL BACKGROUND

Nobel owns Nobel Inc., a California corporation, which in turn owns Flora, a Mexican corporation. Nobel is an officer of both corporations. In 1997, plaintiffs suffered a fire in a Mexican warehouse owned and operated through Flora. The Galaz firm, a Mexican accounting firm, recommended that plaintiffs retain Pasero, a Mexican attorney, to pursue an insurance claim for the fire damages. Plaintiffs followed this recommendation. In June 1999, Pasero suspended his work because of unpaid legal bills. Plaintiffs commenced this action against Pasero and the Galaz firm, alleging that Pasero negligently failed to file a complaint for recovery of the fire damages before the Mexican statute of limitations expired in November 1999 and that the Galaz firm had a partnership relationship with Pasero and was negligent for recommending him.

Pasero and the Galaz firm filed separate motions to quash service of summons on the ground California lacked personal jurisdiction over them. Pasero resides in Mexico, he is a licensed Mexican attorney and his office is located in Mexico. He maintains no residence or business in California, he owns no property in California and he claims that this action arose from events that took place in Mexico. The Galaz firm is organized under

Mexican law, performs all its work in Mexico, has no parent or subsidiary company in California and it maintains no office here. It has never filed suit in California, nor had it ever been sued here.

Plaintiffs filed points and authorities opposing the motions, making certain factual representations. Plaintiffs asserted that Pasero also operated his practice from Bonita, California and that he belongs to a number of California professional organizations (but not the State Bar of California). Pasero sent bills and other correspondence to plaintiffs in California, requesting that plaintiffs mail their payments to a California address. Pasero filed an action against plaintiffs in California to recover his unpaid legal fees, alleging he was a member of the San Diego County Bar Association. Plaintiffs also claimed that the Galaz firm is affiliated with Pasero in a relationship that amounts to a partnership and that it benefited financially by referring legal work to Pasero. Plaintiffs, however, filed no declarations or other documentary evidence supporting these assertions.

In a supplemental declaration, Pasero indicated he was not a member of the San Diego County Bar Association and that the only attorney-client agreement was between himself and Flora. After learning that Flora had no assets and was a mere shell, he sued plaintiffs in California to recover his legal fees. The Galaz firm admitted referring plaintiffs to Pasero and entering into a written agreement with Pasero to cross-market their services, but that it has never been partners with Pasero, nor did it share profits with him or receive referral fees.

The trial court granted the motions to quash service of summons on the ground plaintiffs failed to establish a factual basis for exercising jurisdiction, and plaintiffs appeal from the resulting dismissal. During the pendency of this appeal, we asked the parties to submit supplemental letter briefing on whether Pasero's California lawsuit against Nobel Inc. and Nobel is a sufficient basis for the assertion of specific jurisdiction in light of the particular facts of this case.

DISCUSSION

*Standard of Review*

On a motion to quash service of summons, the plaintiff bears the burden of proving by a preponderance of the evidence that all jurisdictional criteria are met. (*Mihlon v. Superior Court* (1985) 169 Cal.App.3d 703, 710 [215 Cal.Rptr. 442]; *Ziller Electronics Lab GmbH v. Superior Court* (1988) 206 Cal.App.3d 1222, 1232 [254 Cal.Rptr. 410] (*Ziller*).) The burden must

be met by competent evidence in affidavits and authenticated documents; an unverified complaint may not be considered as supplying the necessary facts. (*Ziller, supra,* 206 Cal.App.3d at p. 1233.) Where there is no conflict in the evidence, the question of personal jurisdiction is one of law. (*Hall v. LaRonde* (1997) 56 Cal.App.4th 1342, 1346 [66 Cal.Rptr.2d 399].)

Here, plaintiffs dispute the facts presented by Pasero and the Galaz firm in their respective declarations; however, plaintiffs presented no competent evidence to support their assertions. The argument of plaintiffs' counsel is not admissible as evidence in court. Thus, we must decide this appeal solely on the admissible evidence presented by Pasero and the Galaz firm.

### *Pasero Consented to Jurisdiction via His Earlier California Action Against Plaintiffs*

■ A state may exercise jurisdiction over an individual on a number of bases, including consent and the individual's appearance in an action. (Judicial Council of Cal., com., reprinted at 14 West's Ann. Code Civ. Proc. (1973 ed.) foll. § 410.10, p. 459; Rest.2d Conf. of Laws (1971) § 27, p. 120.) Consent is considered as one of four traditional bases for the exercise of personal jurisdiction over a nonresident defendant and it is separate from the "minimum contacts" analysis. (See *In re Marriage of Fitzgerald & King* (1995) 39 Cal.App.4th 1419, 1425-1426 [46 Cal.Rptr.2d 558]; *Knowlton v. Allied Van Lines, Inc.* (8th Cir. 1990) 900 F.2d 1196, 1199 ["Consent is [a] traditional basis of jurisdiction, existing independently of long-arm statutes"].)

Express consent to a court's jurisdiction will occur by generally appearing in an action (*Hamilton v. Asbestos Corp.* (2000) 22 Cal.4th 1127, 1147 [95 Cal.Rptr.2d 701, 998 P.2d 403]) or by a valid forum-selection clause designating a particular forum for dispute resolution regardless of residence. (*Berard Construction Co. v. Municipal Court* (1975) 49 Cal.App.3d 710, 721 [122 Cal.Rptr. 825].) Consent to a court's jurisdiction may also be implied by conduct. (*General Contracting & Trading v. Interpole, Inc.* (1st Cir. 1991) 940 F.2d 20, 22 (*General Contracting*).) The United States Supreme Court has also long recognized that when a nonresident plaintiff commences an action, he submits to the court's personal jurisdiction on any cross-complaint filed against him by the defendant. (*Adam v. Saenger* (1938) 303 U.S. 59, 67-68 [58 S.Ct. 454, 458, 82 L.Ed. 649].) By choosing a particular forum, plaintiff is considered to have voluntarily submitted to the court's jurisdiction "for all purposes for which justice to the defendant requires his presence." (*Ibid.*; see also *In re Marriage of Aron* (1990) 224 Cal.App.3d 1086, 1095-1096 [274 Cal.Rptr. 357] [California court could exercise personal

jurisdiction over obligee in child support modification proceeding after she availed herself of forum by voluntarily initiating enforcement action].) This "is the price which the state may exact as the condition of opening its courts to the plaintiff." (*Adam v. Saenger, supra,* 303 U.S. at pp. 67-68 [58 S.Ct. at p. 458].)

Thus, California unquestionably would have had jurisdiction over Pasero on any cross-complaint Nobel and Nobel Inc. could have asserted against him in the earlier attorney fee action, including the instant legal malpractice action. ▌ The question before us is whether a nonresident plaintiff who has filed suit in California against particular parties has consented to jurisdiction in California when these same parties later sue him in a related action. The parties have not cited, nor have we located any California authority addressing this issue. We nevertheless conclude that the nonresident has consented and we find support in this conclusion with the analysis set forth in *General Contracting, supra,* 940 F.2d 20.

In *General Contracting,* the nonresident defendant had previously sued one of the parties in the same court alleging claims arising out of the same transaction. The court held that the nonresident defendant submitted to the district court's jurisdiction by initiating its own suit. (*General Contracting, supra,* 940 F.2d at p. 24.) In so holding, the *General Contracting* court recognized the "unjust asymmetry" in allowing a nonresident "to enjoy the full benefits of access to a state's courts *qua* plaintiff, while nonetheless retaining immunity from the courts' authority *qua* defendant in respect to claims asserted by the very party it was suing . . . ." (*Id.* at p. 23.)

The Restatement Second of Conflict of Laws similarly recognizes the principle that "[a] state has power to exercise judicial jurisdiction over an individual who brings an action in the state with respect to a claim that arose out of the transaction which is the subject of the action . . . ." (Rest.2d Conf. of Laws (1988 rev.) § 34, p. 41.) Comment a to this section recognizes that it is the plaintiff who brings the action and determines the locale of the suit; thus, it is not unreasonable to subject the plaintiff to at least the same range of jurisdiction as a defendant who makes a general appearance in an action. (*Id.* com. a.)

Here, Pasero availed himself of the benefits of a California court in his earlier attorney fee action against Nobel and Nobel Inc. The instant legal malpractice action filed by plaintiffs against Pasero arises from the same general transaction—Pasero's agreement to render legal services relating to the Mexico fire. Under these facts, we hold that Pasero submitted himself to personal jurisdiction in California by previously filing another action here

arising from the same general transaction. "A contrary conclusion would senselessly diminish the jurisdictional weight ordinarily accorded to so direct an invocation of the state's benefits and protections." (*General Contracting, supra*, 940 F.2d at p. 24.)

Although Pasero contends he had no choice but to sue Nobel and Nobel Inc. in California because Flora had no assets, he provided no authority to support this assertion. Even assuming the argument is correct, it merely reinforces our conclusion that Pasero substantially benefited by his utilization of a California forum to resolve his attorney fee dispute. We similarly reject any suggestion that the assertion of jurisdiction over Pasero in this action would subject him to California jurisdiction by anyone at any time. Our holding is limited to claims by plaintiffs arising from the same general transaction as the earlier attorney fee action.

Pasero's due process "minimum contacts" arguments are inapposite, because such analysis involves a court's exercise of jurisdiction over a non-consenting defendant under state long-arm statutes. (*General Contracting, supra*, 940 F.2d at p. 22 [defendant's submission to court's jurisdiction makes conventional long-arm analysis irrelevant].) As discussed above, consent is an independent basis for asserting personal jurisdiction over a nonresident defendant. (*In re Marriage of Fitzgerald & King, supra*, 39 Cal.App.4th at pp. 1425-1426; *Knowlton v. Allied Van Lines, Inc., supra*, 900 F.2d at p. 1199.) Accordingly, the trial court erred in granting Pasero's motion to quash for lack of personal jurisdiction.

Finally, while Pasero contends California would not be a convenient forum to litigate the malpractice dispute, Pasero did not concurrently file a motion to stay or dismiss the action on grounds of inconvenient forum and we express no opinion on this issue. (Code Civ. Proc., §§ 410.30, 418.10.) We similarly express no opinion on whether plaintiffs' current action against Pasero was a compulsory cross-complaint in the prior attorney fee action. (Code Civ. Proc., § 426.30.)

*Plaintiffs Waived Their Right to Challenge Galaz Firm Ruling*

■ Plaintiffs failed to discuss the relevant facts, cite to the factual record, or cite legal authority showing how the trial court erred by granting the motion filed by the Galaz firm and they have waived their right to assert this challenge. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 [46 Cal.Rptr.2d 119].) Even if this issue was not waived, we conclude plaintiffs failed to meet their burden of proof as to the Galaz firm.

Where, as here, a defendants' contacts with a forum are not substantial or continuous, specific jurisdiction may exist if the defendant has purposefully availed itself of forum benefits or the controversy is related to or arises out of the defendant's contacts with the forum. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 445-446 [58 Cal.Rptr.2d 899, 926 P.2d 1085].) Plaintiffs presented no admissible evidence to controvert the showing by the Galaz firm that it has no connection with California. ■ The purported partnership relationship between the Galaz firm and Pasero is insufficient because jurisdiction over each defendant must be established individually. (*Goehring v. Superior Court* (1998) 62 Cal.App.4th 894, 904-905 [73 Cal.Rptr.2d 105].) Even if plaintiffs had shown the existence of a partnership, California " 'has jurisdiction over only those individual partners who personally established the requisite minimum contacts with California.' [Citation.]" (*Ibid.*, quoting *Sher v. Johnson* (9th Cir. 1990) 911 F.2d 1357, 1366.) Plaintiffs failed to show any contacts between California and the Galaz firm and the trial court properly granted the motion to quash based on lack of personal jurisdiction.

## DISPOSITION

The order quashing service of summons is reversed as to Pasero and plaintiffs are to recover their costs on appeal as to Pasero. The order is affirmed as to the Galaz firm and the Galaz firm is to recover its costs on appeal as to plaintiffs.

Huffman, Acting P. J., and McDonald, J., concurred.