Filed 9/9/15  Dinaali v. Rohani CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALADDIN DINAALI,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>ANOUSHIRVAN ROHANI et al.,<br><br>        Defendants and Respondents. | B252423 c/w B253398<br><br>(Los Angeles County<br>Super. Ct. No. BC427532) |

        APPEAL from orders of the Superior Court of Los Angeles County, Ruth A. Kwan, Judge.  Affirmed.

        Aladdin Dinaali, in pro. per., for Plaintiff and Appellant.

        Law Offices of Ehsan Afaghi and Ehsan Afaghi for Defendants and Respondents.

_____

**INTRODUCTION**

Plaintiff Aladdin Dinaali appeals the trial court's order granting Defendant Anoushirvan Rohani's motion to quash service of the summons due to defective service. Dinaali also appeals the court's orders awarding Defendant Shariar Rohani attorney fees in association with granting Shariar's motion to quash Dinaali's subpoena and denying Dinaali's motion for sanctions against Shariar pursuant to Code of Civil Procedure[1] section 128.7. We affirm because Dinaali's service on Anoushirvan was deficient and because sanctions were proper. In addition, Shariar requests this Court to declare Dinaali a vexatious litigant pursuant to section 391, subdivision (b)(3). We decline to do so because Shariar's arguments are not supported by citations to the record.

**FACTS AND PROCEDURAL BACKGROUND**

This is one of several appeals before us involving Dinaali and the Rohani brothers. Each appeal arises out of an underlying dispute regarding the musical recordings and memorabilia of the late Iranian singer and actress, Banoo Ezat Roohbakhsh. In the present case, filed in 2009, Dinaali sued Shariar and Anoushirvan Rohani, claiming that the brothers committed fraud and interfered with Dinaali's contract to obtain the Roohbakhsh catalog of recordings and memorabilia from a third party who had possession of it.

**1.     *Dinaali's Failure to Serve Anoushirvan***

Four years after Dinaali had filed the fraud complaint against the brothers, the court ordered Dinaali to file proof of service as to Anoushirvan. On July 23, 2013, Dinaali filed a document entitled "Proof of Service of Summons," which purported to show that Anoushirvan was sub-served on June 30, 2013 with the summons and first amended complaint. Anoushirvan specially appeared and brought a motion to quash this service of summons supported by declarations showing that he did not live, work, or stay at the address where the summons and first amended complaint were served.

---

[1]     All subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

Anoushirvan provided a declaration from the person who was allegedly served with the documents, within which that person attested that he had never received any such documents. Based on this evidence, the court quashed Dinaali's service of summons.

**2.** ***Shariar's Summary Judgment and Subsequent Dealings with Dinaali***

After answering the complaint, Shariar obtained summary judgment against Dinaali. Dinaali appealed and we affirmed summary judgment in appeal No. B245126. During the litigation regarding the contractual interference, Dinaali created the website www.ShariarRohani.com, which described Shariar as a criminal and disparaged him. Dinaali also contacted Shariar's clients, disparaging him to them and causing Shariar to lose business. Following summary judgment on the underlying case, Dinaali sent Shariar emails, which berated, insulted, and called Shariar derogatory names.

In a different court and as a separate case from the contractual interference action discussed above, Shariar filed a request for a civil harassment restraining order against Dinaali, describing Dinaali's harassment, explaining how he suffered from anxiety and depression due to the harassment, and stating that he feared for his own safety due to Dinaali's mental state. At the hearing, Shariar testified that Dinaali had made a death threat to him over the phone the day before the hearing. Based on the foregoing, the trial court issued the civil harassment restraining order against Dinaali. Dinaali appealed that court's ruling and we affirmed the issuance of the civil harassment restraining order in appeal No. B248236.

Subsequently, Dinaali subpoenaed Shariar to provide him with "[a]ll and any [h]ome, [c]ell or any other phone logs for 3/23/13," the date that Shariar had told the court that Dinaali made the death threat to Shariar over the phone. Dinaali issued the subpoena in association with the first action for fraud during the timeframe when the order granting summary judgment in that case was on appeal to this Court. This subpoena was not made in association with the civil harassment case. Dinaali asserted that he wanted the phone records because he sought to amend his first amended complaint to include new causes of action against Shariar. On June 25, 2013, Shariar filed a motion to quash, or in the alternative, for a protective order as to the subpoena

3

served on Shariar for phone records and requested sanctions against Dinaali. Shariar argued that the court lacked jurisdiction to compel compliance with the subpoena as the case was on appeal, and that the documents sought were not relevant to the case. Dinaali opposed the motion and filed his own motion to compel Shariar to comply with the subpoena and request for sanctions, supported by his declaration and separate statement. The court granted Shariar's motion to quash the subpoena and request for sanctions in the reduced amount of $2,000. The court also denied Dinaali's motion to compel compliance with the subpoena and request for sanctions.

Dinaali then brought a motion for section 128.7 sanctions against Shariar and his attorney for fraud upon the Court, alleging that Shariar and his attorney submitted documents to the court for an improper purpose. Shariar opposed the motion and requested sanctions against Dinaali. The trial court concluded that Dinaali failed to identify the specific papers allegedly presented for an improper purpose by Shariar, failed to submit admissible evidence to support his fraud arguments, and failed to comply with the safe-harbor rule stated in section 128.7(c)(1). The court further stated that Dinaali improperly sought sanctions against Shariar and failed to identify the amount of sanctions sought. Based on these findings, the court denied Dinaali's motion for sanctions and granted Shariar's request for sanctions in the reduced amount of $2,000.

## DISCUSSION

This appeal addresses (1) the court's order quashing the service of the summons on Anoushirvan, (2) the court's order sanctioning Dinaali $2,000 for pursuing the phone records subpoena, (3) the court's order sanctioning Dinaali $2,000 for seeking sanctions against Shariar for fraud on the court, and (4) Shariar's request on appeal that Dinaali be declared a vexatious litigant pursuant to section 391, subdivision (b)(3).

### 1. *The Court Properly Quashed Service of the Summons on Anoushirvan*

Dinaali argues that the court erred in quashing the service of the summons and first amended complaint on Anoushirvan. "On a motion to quash service of summons, the plaintiff bears the burden of proving by a preponderance of the evidence that all jurisdictional criteria are met. [Citations.] The burden must be met by competent

4

evidence in affidavits and authenticated documents; an unverified complaint may not be considered as supplying the necessary facts. [Citation.] Where there is no conflict in the evidence, the question of personal jurisdiction is one of law. [Citation.]" (*Nobel Floral, Inc. v. Pasero* (2003) 106 Cal.App.4th 654, 657-658; see § 418.10, subd. (a)(1).)

Here, Anoushirvan specially appeared and moved to quash the service of summons, arguing that Dinaali failed to obtain jurisdiction over him because the service was defective. The proof of service filed by Dinaali on July 23, 2013, states that Anoushirvan was served via "substitute service on 'Mr. Blanco, Fellow Resident/Business Owner' at 7036 Grant Avenue, Carmichael, CA, on June 30, 2013." The proof of service had both boxes for home and business checked off. It also indicated that the person who served the papers was not a registered California process server, was named Jared Giambrone, and had the same address as Dinaali.

In support of his motion Anoushirvan submitted declarations from multiple individuals showing that he was not properly sub-served with the summons and first amended complaint. Anoushirvan personally attested that he never lived at 7036 Grant Avenue in Carmichael, California, and did not have a neighbor, fellow resident, or fellow business owner named "Blanco." Anoushirvan further stated that he resides in Tehran, Iran with his family, where he owns a house and conducts business, and that he has never owned, rented or leased a dwelling in the United States or in Carmichael, California. Anoushirvan also attested that he never received any documents, legal papers, or pleadings from a "Mr. Blanco."

Anoushirvan also supported his motion with a declaration from Paul Blanco. Blanco stated that he resided at 7036 Grant Avenue in Carmichael, California, but that he had never been given any documents, papers, or legal forms from anyone to deliver to another person. Blanco attested that he would never have accepted such documents.

In opposition, Dinaali failed to produce admissible evidence showing that service was effective. Dinaali asserted that Anoushirvan was lying and committing fraud on the court, and supported his allegations with printouts from websites that purportedly showed

5

Anoushirvan lives and works at 7036 Grant Avenue. As the trial court pointed out, these website printouts lacked foundation and proper authentication, and contained hearsay.

On appeal, Dinaali does not dispute that these documents were inadmissible. Nor does Dinaali identify admissible evidence supporting his argument that service was effective. Rather, Dinaali asserts that the court improperly denied his request for a continuance to obtain Anoushirvan's bank records via subpoena in order to prove that he lives and works at the address. Dinaali provides no citation to the record for us to review this contention and thus has waived this argument on appeal. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 (*Duarte*).)

Based on the foregoing, we conclude that Dinaali failed to meet his burden of proving by a preponderance of the evidence that service was effective on Anoushirvan. The court therefore properly granted the motion to quash.

## 2. *The Court Properly Awarded Sanctions Against Dinaali*

Dinaali asserts that the court erred in sanctioning Dinaali in two instances: (1) the $2,000 sanction ordered by the court when Dinaali moved to compel compliance with the subpoena and opposed Shariar's motion to quash the subpoena, and (2) the $2,000 sanction imposed by the court on Dinaali when Dinaali moved for sanctions against Shariar and his attorney for fraud on the court. We address each in turn.

### a. *Sanctions Associated with the Subpoena*

Pursuant to section 1987.2, the court ordered Dinaali to pay $2,000 in sanctions to Shariar because Dinaali's opposed the motion to quash the improper subpoena and then brought his own motion to compel compliance with the subpoena. "We review the trial court's ruling on a discovery sanction under the deferential abuse of discretion standard." (*In re Marriage of Chakko* (2004) 115 Cal.App.4th 104, 108.) "A court's decision to impose a particular sanction is 'subject to reversal only for manifest abuse exceeding the bounds of reason.' [Citation.]" (*Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1183.)

6

Pursuant to section 1987.2, subdivision (a), when quashing a subpoena or issuing a protective order, "the court may in its discretion award the amount of the reasonable expenses incurred in making or opposing the motion, including reasonable attorney's fees, if the court finds the motion was made or opposed in bad faith or without substantial justification or that one or more of the requirements of the subpoena was oppressive." Contrary to Dinaali's assertion on appeal that "Shariar failed to establish that Dinaali's motion was made in bad faith or without justification," the burden rested on Dinaali, as the losing party, to prove that there was a substantial justification for opposing Shariar's motion to quash the subpoena and for bringing his motion to compel compliance with the subpoena. (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1435.)

Here, Dinaali argued below that he intended to amend his complaint to include new causes of action based on information obtained through the subpoena and that the subpoena was "absolutely essential in establishing the required elements of the tort" he intended to allege. Yet, the court found that the subpoenaed documents were invasive of Shariar's privacy and not relevant to the action, which was based on a claim for contractual interference. It is well established that the scope of discovery is limited to subject matter relevant to the pending action. (§ 2017.010 ["Unless otherwise limited by order of the court . . . any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved . . . if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence."].) "For discovery purposes, information is relevant if it 'might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement . . . .' " (*Gonzalez v. Superior Court* (1995) 33 Cal.App.4th 1539, 1546, italics omitted.) The court specifically noted that the phone logs were related to the civil harassment case, and not with the contractual interference case before it, and that Dinaali acknowledged this fact. Dinaali fails to explain on appeal and failed to explain below how the phone records are relevant to the contractual interference allegations.

Based on our own review of the record, we too conclude the phone records were clearly irrelevant to the contractual interference case and are thus not within the permissible scope of discovery case. As the phone records were not relevant, Dinaali lacked substantial justification for seeking to compel compliance with the subpoena and for opposing Shariar's motion to quash. The court thus did not abuse its discretion in awarding attorney fees.

To the extent that Dinaali argues on appeal that "Shariar's motion for a protective order was defective and in bad faith," we disagree. Dinaali specifically argues that the protective order motion was defective because (1) "Shariar did not qualify to quash [the] subpoena as a consumer," (2) "Shariar did not comply with requirements of [California Rules of Court, rule] 3.1345 as he did not allege in his separate statement as to how or under what statute he was legally entitled to a protective order," (3) "Shariar's [*sic*] did not comply with requirements of Code of Civil Procedure[,] § 2025.420," and (4) "Shariar's [*sic*] did not comply with requirements of Code of Civil Procedure[,] § 2016.040 and meet and confer in good faith before filing his motion."

As the trial court noted, Shariar need not be a consumer to quash the subpoena because he is a party to this action. (See § 1987.1, subd. (b)(1).) Furthermore, Shariar complied with California Rules of Court, rule 3.1345 by filing a separate statement explaining how the phone logs were not relevant to a case pending before the court and production of the phone logs violated his right to privacy. Likewise, the record indicates that Shariar complied with the meet and confer requirements set forth in sections 2025.420 and 2016.040, as evidenced by Shariar's counsel's declaration and the attached letters and emails from Shariar's counsel to Dinaali regarding his objections to the subpoena. We conclude that Shariar's motion was not defective or made in bad faith.

Since the phone records were not relevant to the case, and because Dinaali lacked substantial justification for seeking to compel compliance with the subpoena and for opposing Rohani's motion to quash, we conclude that the court did not abuse its discretion in awarding $2,000 in attorney fees to Shariar.

8

*b.      Sanctions Associated with Dinaali's Fraud on the Court Allegations*

Dinaali contends that the court erred in sanctioning him for bringing the motion against Shariar for fraud on the court pursuant to section 128.7. "We review a . . . section 128.7 sanctions award under the abuse of discretion standard. [Citation.] We presume the trial court's order is correct and do not substitute our judgment for that of the trial court. [Citation.] To be entitled to relief on appeal, the court's action must be sufficiently grave to amount to a manifest miscarriage of justice." (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 441.)

Pursuant to section 128.7, subdivision (c), the court may "impose an appropriate sanction upon the attorneys, law firms, or parties" when it determines that section 128.7, subdivision (b) has been violated. Under Section 128.7, subdivision (b), by signing, filing, or submitting a pleading, petition, or motion to the court, the litigant represents that the document is not being presented primarily for an improper purpose, that the "allegations and other factual contentions have evidentiary support," and that the legal contentions are warranted by law. (§ 128.7, subd. (b)(1)-(3).)

Here, the trial court determined that Dinaali "failed to identify the specific pleadings, petitions, written notices of motion, or other similar papers allegedly presented for an improper purpose. . . . [Dinaali] failed to show that he complied with the Safe-Harbor rule. . . . Finally, [Dinaali] improperly [sought] sanctions against Defendant Shariar Rohani, a represented party, and failed to identify the amount of sanctions sought in the instant motion . . . ." The court then explicitly stated that sanctions against Dinaali were warranted because Plaintiff's motion was not supported by evidence. (See §128.7, subd. (b)(3).)

On appeal, Dinaali asserts that he "did present admissible evidence as to his claims" but provides no citation to the record to support this argument. Dinaali thus waives his argument that the court erred in sanctioning him for his motion's lack of evidentiary integrity. (*Duarte, supra,* 72 Cal.App.4th at p. 856.) Moreover, based on our own review of the record, we conclude that the court did not abuse its discretion as Dinaali's motion for sanctions against Shariar and his counsel for committing fraud on

9

the court was not supported by any evidence.  Dinaali never submitted a declaration or documentary evidence to accompany the motion and show that Shariar and his attorney committed fraud on the court.

We affirm the court's order awarding Shariar and his counsel $2,000 in attorney fees against Dinaali.

## 3.     *Shariar Has Waived Arguments Regarding Dinaali's Status as a Vexatious Litigant*

Shariar requests this Court to declare Dinaali a vexatious litigant pursuant to section 391, subdivision (b)(3).  Under that section, a person can be deemed a vexatious litigant when, "while acting in propria persona, [he] repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subd. (b)(3).)

Yet, Shariar has failed to provide us citations to the record supporting his contention that Dinaali has repeatedly filed unmeritorious motions or pleadings, has repeatedly conducted unnecessary discovery, or engages in frivolous tactics.  As a practical matter, this Court cannot adequately evaluate which facts Shariar believes support his request without citations to the record.  (See *Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205.)   We thus deem Shariar's arguments regarding Dinaali's status as a vexatious litigant waived as to this appeal.  (*Utility Consumers' Action Network v. Public Utilities Com.* (2010) 187 Cal.App.4th 688, 697 ["If a party fails to . . . support an argument with the necessary citations to the record, we may deem the argument waived.  [Citations.]"].)

## DISPOSITION

The orders are affirmed on all grounds.  Defendants Anoushirvan Rohani and Shariar Rohani are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KITCHING, J.

I concur:



EDMON, P J.



ALDRICH, J.


11