13-4884
Ortiz v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of December, two thousand fourteen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
>   *Circuit Judges.*

_____

Anibal Ortiz,

    *Plaintiff-Appellant*,

                 13-4884-cv

  v.

The City of New York, et al.,

    *Defendants-Appellees*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Anibal Ortiz, pro se, New York, NY |
| FOR DEFENDANTS-APPELLEES: | Larry Sonnenshein, Assistant Corporation Counsel, Christina S. Chung, Special Assistant Corporation Counsel, New York City Law Department, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the partial summary judgment of the district court is **AFFIRMED** and that the remainder of the appeal is **DISMISSED** without prejudice to reinstatement.

Appellant Anibal Ortiz, pro se, appeals the district court's grant of partial summary judgment in favor of the defendants on his 42 U.S.C. § 1983 claims for municipal liability, and its dismissal of his remaining claims for malicious prosecution, false arrest, and excessive force following a jury verdict. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A grant of summary judgment is reviewed de novo, on the principle that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all inferences in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

To establish municipal liability for unconstitutional acts by municipal employees, a plaintiff must show that the violation of his constitutional rights was actually caused by a municipal policy, custom, or practice. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91

(1978). A plaintiff must thus plead and prove "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (internal quotation marks omitted).

Here, Ortiz has neither pleaded nor demonstrated any causal connection between any municipal policy, custom, or practice and his arrest, even assuming such a connection would assist his case. Summary judgment was therefore appropriate on the issue of municipal liability. As to the other claims on which the district court granted summary judgment to defendants, Ortiz raises no arguments concerning them in his appellate brief and they are therefore waived. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (issues not raised in appellate brief are considered abandoned). Accordingly, the district court's grant of partial summary judgment is affirmed.

Ortiz challenges the personal jurisdiction of the district court, but it was Ortiz who initiated this suit as plaintiff, and thereby invoked the court's jurisdiction. *See Adam v. Saenger*, 303 U.S. 59, 67-68 (1938).

Finally, Ortiz appears to challenge the jury verdict dismissing his malicious prosecution, false arrest, and excessive force claims by asserting that the initial criminal complaint against him was invalid. The precise nature of this challenge is unclear from his brief. Moreover, because Ortiz has provided no transcripts relevant to his appeal, we lack the ability to conduct meaningful appellate review. Under Federal Rule of Appellate Procedure 10(b), it is the appellant's duty to order the transcripts he considers necessary for his appeal and, "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, [he] *must* include in the record a transcript of all evidence relevant to

3

that finding . . . ." Fed. R. App. P. 10(b)(1)-(2) (emphasis added).  While dismissal of the appeal is not "mandatory" when the appellant fails to provide transcripts as required by Rule 10, *see Savard v. Marine Contracting Inc.*, 471 F.2d 536, 543 (2d Cir. 1972), it is our practice to do so if the failure to provide the relevant transcripts "deprives this Court of the ability to conduct meaningful appellate review," *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam) (citing Fed. R. App. P. 3(a)(2)).

When a pro se appellant has failed to provide the necessary transcripts and there is no indication that he was informed of his Rule 10 obligations, it is our practice to dismiss without prejudice to reinstatement.  *See Gayle v. Walker*, 148 F.3d 214, 214 (2d Cir. 1998). Accordingly, the portion of Ortiz's appeal that concerns the trial proceedings is dismissed without prejudice to reinstatement provided that, within 30 days of this order, Ortiz provides this Court with: (1) the relevant transcripts; (2) proof that he has ordered the transcripts; or (3) proof that he has moved in the district court for free transcripts.  *See Gayle*, 148 F.3d at 214. Furthermore, should Ortiz seek reinstatement of this appeal, he must submit a letter brief explaining the exact nature of his challenge to the trial proceedings below, in addition to the relevant transcripts.  Upon timely filing of the letter brief and the relevant transcripts, the appeal will be reinstated.  Failure timely and properly to re-file this action may result in its dismissal with prejudice.

We have considered all of Ortiz's remaining arguments and find them to be without merit.

4

Accordingly, we **AFFIRM** the judgment of the district court to the extent of its grant of partial summary judgment, and we **DISMISS** the remainder of the appeal without prejudice to reinstatement.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk