13-4884-cv
Ortiz v. The City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand sixteen.**

**PRESENT:**

**CHESTER J. STRAUB,**
**DEBRA ANN LIVINGSTON,**
**DENNY CHIN,**
> *Circuit Judges.*

_____

**Anibal Ortiz,**

> *Plaintiff-Appellant*,

> **v.**                                                              **13-4884-cv**

**The City of New York, et al.,**

> *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**          Anibal Ortiz, *pro se*, New York, NY.

**FOR DEFENDANTS-APPELLEES:**          Deborah A. Brenner, Ingrid R. Gustafson, Esq., Assistant Corporation Counsels, New York City Law Department, New York, NY, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Anibal Ortiz, proceeding *pro se*, appeals the grant of partial summary judgment in favor of the City of New York (the "City") by the United States District Court for the Southern District of New York (Furman, *J.*) on his 42 U.S.C. § 1983 claim for municipal liability, and its dismissal of his remaining claims against New York City Police Department ("NYPD") Officers Leonardo Deoliveira and James Braunreuther for malicious prosecution, false arrest, and excessive force following a jury verdict. In a previous order, we affirmed the grant of partial summary judgment and dismissed, without prejudice to reinstatement, the remainder of the appeal concerning the trial proceedings because Ortiz failed to provide us with the transcripts necessary to conduct meaningful appellate review. *See Ortiz v. City of New York*, 589 F. App'x 24, 25-26 (2d Cir. 2014). Ortiz has since provided the necessary transcripts, and his appeal has been reinstated to address his challenges to the trial proceedings in the district court. On appeal, Ortiz challenges the criminal information filed in the underlying criminal proceedings, and attacks the district court's evidentiary rulings and jury instructions in the instant case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

* * *

First, Ortiz challenges the sufficiency of the evidence supporting the jury's determination that there was probable cause for his arrest. But that challenge has not been preserved for appeal. "It is well established that a party is not entitled to challenge on appeal the sufficiency of the evidence to support the jury's verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law on that issue." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 164

2

(2d Cir. 1998). Ortiz did not move in the district court for judgment as a matter of law, and he consequently failed to preserve his challenge to the sufficiency of the evidence. Although we may excuse a party's failure to preserve an issue "to 'prevent a manifest injustice' in cases '[w]here a jury's verdict is wholly without legal support,'" *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 129 (2d Cir. 1999) (quoting *Varda, Inc. v. Ins. Co. of N. Am.*, 45 F.3d 634, 638 (2d Cir. 1995)), there are no grounds for doing so here, given the ample evidence to support the jury's probable cause determination.

As to Ortiz's evidentiary challenges, "[w]e review . . . for abuse of discretion, and will reverse only for manifest error." *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010) (quoting *Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003)). "In general, a party is entitled to a new trial if the district court committed errors that 'were a clear abuse of discretion that were clearly prejudicial to the outcome of the trial,' where prejudice is measured 'by assessing the error in light of the record as a whole.'" *Marshall v. Randall*, 719 F.3d 113, 116 (2d Cir. 2013) (quoting *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005)). "A district court abuses its discretion if it 'base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Id.* (quoting *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008)).

None of the district court's challenged evidentiary rulings constituted an abuse of discretion. Ortiz asserts that the court improperly allowed the City to state in its opening remarks that New York's penal laws applied to him. But it was undisputed at trial that Ortiz committed the acts resulting in his arrest within the geographic boundaries of New York State, and he was consequently subject to New York's penal laws. *See* N.Y. Crim. Proc. Law § 20.20(1)(a). Ortiz

3

cites various other instances in which the court sustained objections raised by defense counsel, but he fails to explain how these rulings were in error or why they were prejudicial to him. An independent review of these rulings reveals no improprieties. The court sustained objections to questions related to the City's stop and frisk policy and NYPD procedures, issues that it had determined prior to trial to be irrelevant, prejudicial, or potentially confusing for the jury. And it properly refused to allow questions that sought to elicit legal conclusions from witnesses.

"In general, we review challenges to jury instructions in civil cases *de novo*, 'and will grant a new trial if we find an error that is not harmless.'" *Rasanen v. Doe*, 723 F.3d 325, 331 (2d Cir. 2013) (quoting *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 758 (2d Cir. 2004)). "If, however, the challenging party failed to object to the charge at trial, we review for plain error, that is 'if the error affects substantial rights.'" *Id.* at 332 (quoting Fed. R. Civ. P. 51(d)(2)). "A jury charge is erroneous if it misleads the jury as to the correct legal standard, or if it does not adequately inform the jury of the law." *Hathaway v. Coughlin*, 99 F.3d 550, 552 (2d Cir. 1996). Conversely, "a jury instruction will be deemed adequate if 'the charge, taken as a whole, is correct and sufficiently covers the case so that a jury can intelligently determine the questions presented to it.'" *Id.* at 553 (quoting *Schermerhorn v. Local 100, Transp. Workers Union of Am., AFL-CIO*, 91 F.3d 316, 322 (2d Cir. 1996)).

Ortiz's arguments concerning the district court's jury instructions lack merit. First, with respect to two of his claims—that the court improperly instructed the jury that he was subject to New York's penal laws, and that, for the purposes of criminal trespass, a "dwelling" includes a building's lobby—he fails to discuss the jury charge all. Instead, he relies solely on the court's colloquy with the parties outside the presence of the jury, assigning error to the court's statements

4

regarding the instructions that it intended to give. Because these discussions occurred outside the jury's presence, Ortiz cannot show that he was prejudiced by them. In any event, neither of these instructions, as actually given to the jury, was erroneous. As already discussed, Ortiz was not exempt from New York's penal laws. And the lobby of an apartment complex qualifies as part of a "dwelling" for purposes of New York's criminal trespass statute. *See* N.Y. Penal Law § 140.00(2)-(3); *People v. Scott*, 797 N.Y.S.2d 847, 849-50 (Crim. Ct. 2005) (collecting cases holding that apartment-building's private lobby is part of a "dwelling" for purposes of criminal trespass). In addition, Ortiz's contention that the court instructed the jury that he was guilty of trademark counterfeiting is simply wrong. The court gave no such instruction, but merely noted the City's argument that damages should be limited because, immediately after Ortiz's arrest, Officers Deoliveira and Braunreuther discovered numerous counterfeit DVDs in his backpack, and therefore had probable cause to believe that he had committed such an offense.

Finally, Ortiz challenges the sufficiency of the criminal information filed against him in the underlying criminal proceeding, asserting that the information fails to establish probable cause for his arrest or to provide the New York criminal court with jurisdiction over his case. However, the sufficiency of the criminal information is irrelevant to the claims at issue in this appeal, namely the alleged false arrest and malicious prosecution.[1] The false arrest claim relates to the circumstances of Ortiz's arrest, not the subsequent criminal proceedings against him. *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 117-18 (2d Cir. 1995). Likewise, none of the elements of his malicious prosecution claim concerns the information's facial sufficiency. *See Savino v. City of*

---

[1] Ortiz has waived his excessive force claim because he raises no arguments concerning it in his appellate brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (issues not raised in appellate brief are considered abandoned).

*New York*, 331 F.3d 63, 72 (2d Cir. 2003) (stating elements of malicious prosecution).

We have considered all of Ortiz's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk